IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMJU INTERNATIONAL TANKER LTD., <br> Plaintiff | § § § § | |
| V. | § § | C.A. NO. 4:09-cv-3631 <br> (ADMIRALTY) |
| EMPRESA MARITIMA AMERICANA LTD., <br> Defendant | § § § | |

### MOTION FOR PROMPT POST-SEIZURE HEARING
### AND VACATING ATTACHMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Ursula Maritime Private, Ltd. as Claimant to bunkers aboard the M/V URSULA requesting its rights to a prompt post-seizure hearing under Rule E of the Admiralty Rules and vacating the attachment of bunkers aboard the M/V URSULA and in support thereof would show as follows:

1.  Rule E(f) provides in pertinent part, "[w]henever property is arrest or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the Plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." This provision was added to Supplemental Rules to ensure that constitutional due process is afforded to owners of property which may be subject to attachment. Claimant, Ursula Maritime Private, Ltd. (Ursula) hereby requests an instanter

prompt post-seizure hearing as their property is being wrongfully detained as will be shown in more detail below.

2.     On November 12, 2009, the United States Marshal served a Writ of Attachment aboard the M/V URSULA to attach bunkers aboard the M/V URSULA. Bunkers are the fuel on the vessel. This attachment was requested by Plaintiff although Plaintiff had previously been provided with the bunker receipts (attached as Exhibit A) showing that the bunkers had been purchased by Ursula or its commercial managers, Beacon Shipping Investments Pte. Ltd. (Exhibit B) and had been provided with a copy of the Charter Party (Exhibit C) which shows that the vessel was not chartered to Empresa Maritima, but to Caribe Tankers. Additionally, the brokers have advised that the URSULA was never on charter to Empresa Maritima (Exhibit D). Regardless of this evidence, Plaintiff has wrongfully attached the cargo.

3.     Claimant can only guess as to the motive behind undertaking this action when faced with the evidence that the bunkers are not the property of Empresa Maritima, but reserves its rights to claim for wrongful attachment and other causes of action due to the delays and damage to the business reputation of Ursula. As the Court can imagine, when a ship is arrested, it becomes known throughout the marine industry and it creates a "cloud" that the owners fail to meet their financial obligations. All of these actions taken by Plaintiff have been in direct contravention of the evidence and is based purely upon speculation of their Affiant that based upon his "knowledge of the market" that the vessel is chartered to Empresa Maritima and that he suspects the bunkers would be owned under normal terms by the charterer.

WHEREFORE, PREMISES CONSIDERED, Claimant respectfully requests a prompt post-seizure hearing at which time it requests the Court to vacate the attachment and for such other and further relief, both in law and equity, as Claimant may show itself to be justly entitled.

Respectfully submitted,

_____
William A. Durham
State Bar No. 06281800
S.D.TX. Adm. ID No. 4172
20th Floor, Niels Esperson Building
808 Travis
Houston, TX  77002
(713) 225-0905 – Telephone
(713) 225-2907 – Fax

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

### CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I forwarded a true and correct copy of the foregoing instrument to the following counsel of record *via the Electronic Case Filing System and telefax* on this the 13th day of November, 2009.

George A. Gaitas
Chalos & Co.
675 Bering Dr., Suite 275
Houston, TX  77057
   *Telefax: 713-782-5274*

_____
William A. Durham